# EZRA BALDWIN *versus* JOSEPH CAMPAU AND ROBERT H. McNIFF

## October 31, 1825

William A. Fletcher, attorney for plaintiff.
Hunt & Larned, attorneys for defendants.

## [OPINION]

Rob$^t$ H M$^c$Niff one of the def$^s$ being Confined in the Jail of W. C. upon ex$^o$ was liberated on giving security for keeping the prison Bounds— Campau became his surety— he departed out of s$^d$ Bounds and the present action was brought by Baldwin ag$^t$ McNiff & Campau, upon such instrument of writing— By the declaration, the undertaking is Stated to have been made by the defendants directly to the ·Pltff— The Defendants pleaded a former Judg$^t$ in Bar to the action, and at the same time admitted the facts set forth by the Pltff in his declaration— It does not appear by the return of the Magistrate that any issue was ever joined before him, either upon the plea in Bar or that any other plea was pleaded by the def$^{ts}$— It appears by the record that the Justice over ruled the plea in Bar, as insufficient, and at the same time proceeded and gave a Judgm$^t$ upon the merits, in favor of the defendants— The Pltffs Counsel Contends that the proceedings of the Magistrate are erroneous, in as much as he proceeded, to render a Judgment upon the merits, without any issue, being made up, on which said judgment, could be pronounced—

And as it appears upon the record that the justice pronounced a Judgment, upon a fact not put in issue by the parties, his judg$^t$ is erroneous and must be reversed—

The jurisdiction of a Justice of the peace is given by statute— It is a summary proceeding, and as it is an intrenchment upon the Common Law, is to be Construed strictly— The record itself must shew his jurisdiction, and that he has confined himself, within the powers given him by the statute— nothing can be awarded to him out of his record to aid him— Such I take to be the Law as applies to special jurisdictions, created by statute·in derogation of the Common Law—

The statute insures to the parties litigant before a Justice, the right to bring the record of the magistrate before the Supreme Court, who are authorised and required to Correct the legal errors of the justice, if on inspection such errors are found to exist in the record— All the facts therefore that are necessary to sustain the judgment must be spread on the face of the record itself— And it is not sufficient that the facts may have existed, if they do not appear on the record as this Court is not at liberty to seek for or inquire into facts out of the record—

The Pltffs have set forth their claim substantially by a declaration— To the declaration the def$^s$ interposed a plea in Bar, which the Justice overruled, declaring the same insufficient— This plea being adjudged ag$^t$ the defendants, the defendants ought to have been ruled to put in a further plea to the Pltffs demand, and on

failure to plead, been brought into default, when the justice might have have proceded to make up a Judg^t  However it does not appear by the record, neither that an issue was joined or that the defendants were in default— And as the justice did proceed to make up and render a judgment, without any issue being joined between the parties or the defendants being in default, I am of Opinion that he has erred & that his judgment ought to be reversed—

Whether the judgmt entered by the justice upon the merits, as it now stands, in the event an issue had been closed or the def^ts brought into default, would or not be right, I give no Opinion, nor are the facts sufficiently spread on the record for the Court to decide on that point—

the instrument on which the action was bro  is not made a part of the record, nor is it before the Court—